UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RASHAD HATCHER                                    CIVIL ACTION

v.                                                NO. 18-3876

ACE AMERICAN INSURANCE COMPANY, ET AL.            SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

On June 14, 2017, Rashad Hatcher was sitting in his vehicle parked in front of the Sewerage and Water Board's mechanic shop at 2900 Peoples Avenue in New Orleans, Louisiana.  When a vehicle being operated by Ronald Swanson made a right turn onto Peoples Avenue, it struck and dragged Mr. Hatcher's vehicle.  Unsure of the owner of the offending vehicle, Hatcher sued Clean Harbors Environmental Services, Inc., Safety-Kleen Systems, Inc., Oar Trucking, Inc., OFR Trucking, Inc., Ronald Swanson, and Ace American Insurance Company in state court.  Although he alleges no particular facts concerning manifestation of injury, Hatcher

1

alleges that the defendants' negligence caused an assortment of damages. On April 12, 2018, Clean Harbors, Safety Kleen, and Ace removed the lawsuit to this Court, invoking the Court's diversity jurisdiction. The plaintiff now moves to remand.

I.

*A.*

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "Because removal raises significant federalism concerns, the removal statute is strictly construed." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Id.

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). To exercise diversity jurisdiction, complete diversity must exist

between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1).

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)(citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Louisiana law requires that a plaintiff include "no specific amount of damages" in his prayer for relief. La. Code Civ. Proc. art. 893.[1]

When the plaintiff has alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth "summary judgment type evidence" of facts in

---

[1] But, "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages[,]" then "a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. Proc. art. 893.

controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant cannot show that the amount in controversy is facially apparent, it may be able to "set[] forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." Luckett, 171 F.3d at 298. If the petition is ambiguous as to whether the alleged damages surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Química de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* Marathon Oil Co. v. Ruhgras, 145 F.3d 211, 214 (5th Cir. 1998), *rev'd on other grounds,* 526 U.S. 574 (1999).

If the removing party satisfies its burden, the plaintiff can only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state

complaint." De Aguilar, 47 F.3d at 1412; see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992)(per curiam)).

## II.

The state court petition is ambiguous as to whether the amount of damages surpass the jurisdictional amount in controversy. The plaintiff has represented that his damages do not exceed $75,000; he recently filed into the record a stipulation, which states that his damages do not exceed $75,000, and he agrees that he will neither pursue nor accept a judgment exceeding $75,000, exclusive of interest and costs. Where, as here, the state court petition is at best ambiguous as to the amount in controversy, the Court may consider a post-removal stipulation. The defendant has not responded to the plaintiff's stipulation as to damages and does

not appear to object that the stipulation binds the plaintiff to a recovery of $75,000 or less, exclusive of interest and costs.

Because the amount in controversy does not exceed $75,000, this Court lacks subject matter jurisdiction based on diversity, IT IS ORDERED: that the motion to remand is hereby GRANTED.

New Orleans, Louisiana, July 25, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE